MEMORANDUM **
Ignacio Soto-Hinojosa appeals from the 168-month sentence imposed after his guilty-plea conviction for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Soto-Hinojosa contends that the district court clearly erred by denying him a miti *473 gating role reduction pursuant to U.S.S.G. § 3B1.2. We conclude that the district court did not clearly err in finding that Soto-Hinojosa was not a minimal or minor participant in the criminal activity. See United States v. Awad, 371 F.3d 583, 591 (9th Cir.2004).
Soto-Hinojosa also contends that the district court clearly erred by denying him safety-valve relief pursuant to U.S.S.G. § 5C1.2. We conclude that the district court did not clearly err in finding SotoHinojosa ineligible. See United States v. Mejia-Pimental, 477 F.3d 1100, 1104 (9th Cir.2007); United States v. Miller, 151 F.3d 957, 961 (9th Cir.1998).
Soto-Hinojosa further contends that the district court erred by denying his motion for a downward departure based on the 18 U.S.C. § 3553(a) factors and that his sentence is, therefore, substantively unreasonable. We conclude that the sentence is substantively reasonable in light of the totality of the circumstances. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc); United States v. Dallman, 533 F.3d 755, 760-761 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.